UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SADIE C. BURKETT,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05939-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

      Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

      On July 5, 2011, plaintiff filed an application for SSI benefits, alleging disability as of July 15, 2008. Dkt. 10, Administrative Record (AR) 19. That application was denied on initial administrative review on August 25, 2011, and on reconsideration on October 4, 2011. *Id.* On

ORDER - 1

January 3, 2013, plaintiff, represented by counsel, appeared at a hearing before an administrative law judge (ALJ) and testified, as did a vocational expert. AR 39-89.

In a decision dated January 25, 2013, the ALJ determined plaintiff to be not disabled. AR 19-34. On September 26, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 416.1481. On December 11, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. Dkt. 1. The administrative record was filed with the Court on May 4, 2015. Dkt. 10. As the parties have completed their briefing, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in not including all material evidence in the record; (2) in evaluating the medical evidence; (3) in discounting plaintiff's credibility; (4) in rejecting lay witness statements from Maudie Olmstead, plaintiff's daughter;[1] (5) in assessing plaintiff's residual functional capacity (RFC); and (6) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the Court agrees the ALJ erred in evaluating the medical evidence – namely the opinions of non-examining psychologists Carla van Dam, Ph.D., and Patricia Kraft, Ph.D. – and thus in assessing plaintiff's RFC and in finding her to be capable of performing other jobs. The Court therefore finds that defendant's decision should be reversed and that this matter should be remanded for further administrative proceedings.

---

[1] Ms. Olmstead provided two statements, one from June 2011, and the other from July 2011. AR 30. Although the ALJ stated he considered both statements and offered reasons for not fully crediting them (AR 30-31), the June 2011 statement was not included in the record originally filed with the Court. Defendant submitted a copy of that missing statement as supplement to the record after plaintiff filed her opening brief. Dkt. 24. Plaintiff has moved to strike the statement, arguing the Commissioner has no authority to supplement the record. Dkt. 27. But because this matter is being remanded for further administrative proceedings for other reasons discussed elsewhere herein, the Court finds resolution of this issue unnecessary and therefore plaintiff's motion to strike is DENIED on that basis.

ORDER - 2

# DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

ORDER - 3

I.     The ALJ's Evaluation of Dr. van Dam's and Dr. Kraft's Opinions

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

---

> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Tonapetyan*, 242 F.3d at 1149; *Lester*, 81 F.3d at 830-31.

Dr. van Dam found plaintiff to be moderately limited in her ability to maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions, and perform at a consistent pace without an unreasonable number and length of rest periods. AR 119-20. In a narrative statement, Dr. van Dam opined that plaintiff's mental health symptoms would "occasionally interfere with her ability to persist for a normal workday/workweek." AR 120. Dr. Kraft also found plaintiff to be moderately limited in the same three cognitive functional areas that Dr. van Dam did. AR 133. In her narrative statement, Dr. Kraft opined that plaintiff was "capable of sustained concentration, pace and persistence," but

her mental health symptoms would "occasionally interfere with her ability to persist," *Id.* The ALJ accorded "great weight" to both psychologists' opinions. AR 29-30.

Plaintiff argues that although the ALJ stated he was giving those opinions great weight, he did not adopt the limitation that her mental health symptoms would occasionally interfere with her ability to persist. The Court agrees. The only restriction in cognitive functioning that the ALJ assessed plaintiff with is a limitation to simple, routine tasks. AR 24. Defendant argues the Court should reject plaintiff's assertion of error, because the ALJ specifically discussed the fact that Dr. van Dam and Dr. Kraft noted that limitation. But as plaintiff points out, an ALJ must do more than just mention significant probative evidence. He or she must explain why that evidence has been rejected. *Vincent*, 739 F.2d at 1394-95.

Defendant also characterizes the statement regarding occasional interference in plaintiff's ability to persist as "an explanatory note" following the specific concrete moderate functional limitations Dr. Kraft identified, which defendant asserts is shown by the fact that immediately prior to that statement, she opined that plaintiff was "capable of sustained concentration, pace and persistence." AR 133. First, Dr. van Dam did not state plaintiff was capable of sustained concentration, pace and persistence (AR 120), and yet the ALJ still gave her opinion great weight (AR 30). Second, it is not entirely clear why even if it is reasonable to characterize the "occasionally interfere" restriction as a mere "explanatory note," that restriction cannot also be characterized as a "concrete" limitation. Indeed, the term "occasional" is no less specific than the "[m]oderately limited" phrase Dr. Kraft employed to describe the specific functional limitations defendant would have the Court look to instead.

Third, it is also not entirely clear why only one of Dr. Kraft's narrative sentences (that plaintiff "is capable of sustained concentration, pace and persistence") should be given effect as

a specific and concrete limitation, while the other (that plaintiff's mental health symptoms would "occasionally interfere with her ability to persist") should be discarded. Indeed, the sentence that plaintiff's symptoms would occasionally interfere with her ability to persist is much more in line with the other specific moderate cognitive functional limitations Dr. Kraft found, than is the sentence that plaintiff is capable of sustained concentration, pace, and persistence. At the very least, the entire narrative statement, which includes both sentences, is ambiguous. The ALJ erred in failing to clarify that ambiguity.

II.     The ALJ's RFC Assessment

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling 96-8p, 1996 WL 374184, at *2. A claimant's RFC assessment is used at step four of the sequential disability evaluation process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *Id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

ORDER - 7

a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the mental RFC to perform jobs that involve simple, routine tasks with occasional interaction with the public. AR 24. But because as discussed above the ALJ erred in evaluating Dr. van Dam's and Dr. Kraft's opinions, it is far from clear that the ALJ's RFC assessment completely and accurately describes all of plaintiff's mental functional limitations or is supported by substantial evidence. As such, here too the ALJ erred.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff to be capable of performing other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered in response

ORDER - 8

to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 33. But because as discussed above the ALJ erred in assessing plaintiff's RFC, it cannot be said that the vocational expert's testimony, and therefore the ALJ's reliance thereon to find plaintiff not disabled at step five, is supported by substantial evidence or free of error.

IV.     Remand for Further Administrative Proceedings

A Court may order remand "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). As such, it is only "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand

ORDER - 9

for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 15th day of March, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10